UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MIHRETU BULTI DASISA** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 12-cv-1359 (RCL) |
| **DEPARTMENT OF TREASURY** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mihretu Bulti Dasisa brings this action against defendant Department of Treasury ("DOT"). Defendant now moves to dismiss the case for lack of subject matter jurisdiction and plaintiff moves for summary judgment. Upon consideration of defendant's motion [10] to dismiss the case, plaintiff's opposition [11] thereto, plaintiff's motion [19] for declaratory judgment, defendant's opposition [20] thereto, plaintiff's motion [21] for summary judgment and motion [22] for order, defendant's opposition [23] to both, plaintiff's motion [24] to clarify, and plaintiff's second motion for declaratory judgment [27] the Court will GRANT the defendant's motion to dismiss [10] and DENY plaintiff's motions [19] [21] [22] [24] [27].

**I.    BACKGROUND**

The plaintiff alleges that DOT improperly offset a portion of his tax refund to collect a debt wrongfully claimed by the Department of Education. 31 U.S.C. §§ 3711(g) and 3716(a) requires DOT to make such offsets whenever an agency refers a debt to it and to pass the withheld funds to the agency to help satisfy the debt. Agencies that refer debts to DOT certify that the debts are valid, delinquent, and legally enforceable. 31 C.F.R. § 285.5(d)(6).

DOT moves to dismiss the case under Fed.R.Civ.P.12(b)(1) for lack of subject matter jurisdiction.  It notes that 26 U.S.C. § 6402(g) explicitly strips courts of both legal and equitable jurisdiction to challenge such debt collection practices.

## II.   LEGAL STANDARD AND ANALYSIS

"Federal courts are tribunals of limited subject matter jurisdiction," and can only review matters over which Congress has explicitly granted courts jurisdiction by statute.  13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (4th ed. 2009).  When Congress has not granted jurisdiction, courts must dismiss the matter under Fed.R.Civ.P. 12(b)(1).  *Id.*  While the Administrative Procedures Act creates a general, presumptive right to sue federal agencies, this presumption is overcome by specific statutory language denying jurisdiction.  *Texas Alliance for Home Care Servs. v. Sebelius*, 681 F.3d 402, 408 (D.C. Cir. 2012).

Here, Congress has specifically denied federal courts jurisdiction to decide challenges to DOT offsets of this kind.  26 U.S.C. § 6402(g) provides

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection . . . (d) ["Collection of debts owed to Federal agencies"] . . . .  No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.  This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid . . . ."

This statute explicitly reserves plaintiff's ability to sue agency-claimants directly, but it prohibits suits against DOT merely for carrying out its statutory obligation to collect debts that agencies refer to it.  *Id.*; *Albert v. OSI Educ. Servs.*, 2004 WL 483166, 93 A.F.T.R.2d 2004-1508 (D. Minn., Mar. 11, 2004).  DOT is therefore the wrong defendant in this matter.  To pursue this matter, the plaintiff must sue the agency claiming his debt and not the debt collector.  Therefore,

DOT's motion to dismiss shall be granted, and the Court will dismiss plaintiff's variously styled motions requesting relief from DOT in this action.

### III. CONCLUSION AND ORDER

Upon consideration of the parties' motions, oppositions, replies thereto, the record herein, the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that defendant's Motion to Dismiss [10] is **GRANTED**; the Court further

**ORDERS** that plaintiff's Motion for Declaratory Judgment [19] is **DENIED**; the Court further

**ORDERS** that plaintiff's Motion for Summary Judgment [21] is **DENIED**; the Court further

**ORDERS** that plaintiff's Motion for Order [22] is **DENIED**; the Court further

**ORDERS** that plaintiff's Motion to Clarify [24] is **DENIED**; the Court further

**ORDERS** that plaintiff's Motion for Declaratory Judgment [27] is **DENIED**.

The Court **ORDERS** that this case be **DISMISSED WITH PREJUDICE**.

This is a final, appealable order.

**IT IS SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on June 26, 2013.